[No. 6,774.—In Bank.]
November 10, 1882.

## JAMES CAMP et al. v. REBECCA C. GRIDER et al.

Foreclosure of Mortgage against Homestead—Presentation of Claim—Estates of Deceased Persons—Subsequently Acquired Title Inures to Mortgagee—Public Land—Homestead—Statutory Construction.—The title to public land subsequently acquired by a mortgagor, inures to the benefit of his prior mortgagee.

Sections 1475 and 1500, Code of Civil Procedure, must be so construed as to give effect, if possible, to both sections, and this can be done by limiting Section 1500 to all mortgages and liens other than liens or incumbrances on the homestead; which liens and incumbrances on the homestead are, by Section 1475, specifically required to be presented for allowance against the estate.

. The purpose of the Legislature in requiring the presentation of such liens and incumbrances on the homestead for allowance against the estate, was to preserve the homestead if possible.

APPEAL by defendant from the judgment of the District Court of the Eighth Judicial District, in and for the County of Del Norte. HAYNES, J.

Action to foreclose a mortgage. The facts are stated in the opinion of the Court. After the decision in bank, a petition for rehearing was presented and denied.

*William Gibbons* and *L. F. Cooper,* for Appellant.

No action could be brought to enforce the lien of said mortgage against said homestead: 1. Until the claim secured by such mortgage has been presented as other claims against the estate; and, 2. Until it is shown that there are no funds in the estate to pay any portion of said claim. (C. C. P., § 1475.)

The foregoing section and Section 1500, which provides that a claim secured by mortgage need not be presented if recourse against any other property of the estate be waived, were in full force and effect at the time plaintiffs commenced their action; and if plaintiffs were to be controlled by the Code at all, the Code, as it stood at the time of commencing the action, controls them. If the law, as it stood at the time the contract was made, is to control, it would be much easier and pleasanter for appellant. (*Harp* v. *Calahan,* 46 Cal. 233.)

Section 1475, of the Code of Civil Procedure, directs the presentation of claims secured by mortgage only when a homestead has been duly set apart by the Court; it is special or particular in its provisions; it does not interfere with the operation of Section 1500; said last named section has a large field of usefulness reserved. "It is a familiar rule in construing statutes that where there are two laws upon the same subject, they must be so construed as to maintain both, if it

can be done without destroying the evident intent and meaning of the latter Act."

The law does not favor a repeal by implication, and unless the former Act be referred to, or is clearly repugnant, to the provisions of the latter, both must stand. (*Merrill* v. *Gorham*, 6 Cal. 42.) Considering Sections 1475 and 1500 as two sections of the same Act, we contend that they must be so construed as to give some effect, if possible, to each section. (*People* v. *Waterman*, 31 Cal. 413; *Langenour* v. *French*, 34 id. 92.)

Section 1859, of the Code of Civil Procedure, directs that: "In the construction of a statute, the intention of the Legislature, and in the construction of the instrument, the intention of the parties is to be pursued if possible, and when a general and particular provision are inconsistent, the latter is paramount to the former. So a particular interest will control a general one that is inconsistent with it." (*People* v. *Wells*, 11 Cal. 338.)

It certainly is proper that Section 1475 of the Code of Civil Procedure should be construed to govern the procedure in the matter of enforcing claims against a homestead, and Section 1500 as applicable to all other secured claims. Both sections are thereby given force and effect: the province of neither is invaded. The note calls for interest at one per cent. per month, payable two years after date. After maturity, only legal interest can be charged.

*James E. Murphy*, for Respondent.

Was it necessary to present the note and mortgage to the administratrix for her approval or rejection before commencing suit to foreclose? We claim that no such presentation was necessary, provided that plaintiffs in their complaint expressly waived all recourse against any property belonging to the estate, as was done in this case.

Section 1500 of the Code of Civil Procedure is as follows: "No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following case : An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject

thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fee shall be recovered in such action unless such claim be so presented." This was the law when the note and mortgage were made, and though repealed July 1, 1874, it was re-enacted April 15, 1876, which was long before the mortgagor, Grider, died, and before the notice of the administratrix was published or this suit commenced.

At the time this contract was made there was no law of any kind requiring a mortgage against a homestead to be presented to the administrator. Section 1475, upon which the appellants rely, went into effect on the first day of July, 1874, and cannot be held to apply to this contract. To do this would be to give it a retroactive effect, which is unconstitutional, and also against an express provision of the Code of which this Section 1475 is a part. (*Hibernia Savings and Loan Society* v. *Hayes*, 56 Cal. 297.)

Section 1500 of the Code of Civil Procedure distinctly provides as follows: "An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless such claim be so presented."

We claim that there is no conflict between this section and Section 1475, but that both must be construed together, as conferring upon a mortgagee a double remedy, either of which he may pursue: 1. He may proceed under Section 1500, foreclosing only and expressly waiving all recourse against the estate; 2. He may prove up his claims before the administrator, as provided in Section 1475, Code of Civil Procedure, in which case, if the estate is sufficient to pay the mortgage, he gets it all, otherwise he takes his percentage out of the estate and forecloses for the residue. He can pursue either of these remedies. (*Hibernia Savings and Loan Society* v. *Jordan*, 5 Pac. Coast L. J. 381.) See also for an able exposition of this doctrine the opinion of Mr. Justice McKee, in the *Hibernia Savings and Loan Society* v. *Hayes*, 56 Cal. 300–303.

We contend that Section 1500, Code of Civil Procedure,

should govern, because: 1. It is a later enactment than Section 1475, and must be held to modify and control the general section last named; 2. It is special in its character, designating in what manner liens may be collected without presentation to the administrator or executor, *i. e.*, by expressly waiving all claim for a balance against the estate.

The mortgaged premises having been selected and filed on by the mortgagor as a homestead subsequent to the giving of the mortgage, and the same also having been by the order of the Probate Court all set aside to the widow as a homestead, it was no longer a part of the estate, and the administratrix, as such, had no interest therein.

The presentation of this claim to the administratrix for allowance or rejection would have been entirely a needless and an idle form, no action on part of the administratrix in the premises could have affected in any manner the estate; because the mortgaged premises were no longer a part of the estate; while the authority of an administrator is limited to the allowance or rejection of such claims as are against the estate. (*Harp* v. *Calahan*, 46 Cal. 233; *Schadt* v. *Heppe*, 45 id. 433; *Whitmore* v. *S. F. Savings Union*, 50 id. 145; *Christy* v. *Dana*, 42 id. 175.)

While Section 1475 provides that "If there be subsisting liens they must be presented as other claims against the estate." It must be remembered that this section applies to such liens against the homestead as are intended to be made a claim against the estate.

We ask the Court to carefully read the clause of Section 1475 immediately following the paragraph quoted, to wit: "If the funds of the estate be adequate to pay all claims against the estate, the claims so secured must be paid out of such funds. If the funds of the estate be not sufficient for that purpose, the claims so secured shall be paid proportionately with other claims allowed, and the liens or incumbrances on the homestead shall only be enforced against the homestead for any deficiency remaining after such payment."

It is respectfully submitted that if this section controls Section 1500, it would be an attempt to compel a mortgagee to proceed against property other than his security to collect his debt, and as plaintiff's contract was made more than two

years before the passage of Section 1475, it could not under any consideration have a retroactive effect and compel the plaintiff in this case to abandon his security, and, in violation of his contract, to pursue an expensive, slow, and uncertain proceeding to collect his debt. (Code Civil Pro., § 3.)

Ross, J.:

L. B. Grider, on the twenty-fifth of June, 1872, executed to the plaintiffs his promissory note for the sum of twenty-three hundred and twenty dollars. To secure its payment, he and his wife, Rebecca C. Grider, joined in the execution to the plaintiffs of a mortgage upon certain property, a part of which the husband was at the time cultivating, but the title to which was then in the Government of the United States. Grider afterwards, in the year 1873, obtained the title to the property. The title thus acquired by him inured to the benefit of his mortgagors. (*Christy* v. *Dana*, 42 Cal. 179; *Kirkaldie* v. *Larrabee*, 31 id. 445; *Clark* v. *Baker*, 14 id. 612.) Subsequently, to wit, on the twenty-first of October, 1874, Grider filed, pursuant to the statutes of the State, a declaration of homestead on the mortgaged premises, and on or about the twenty-sixth of February, 1878, died in the county of Del Norte, leaving as his sole heir his widow, the defendant Rebecca C. Grider. On the first of June thereafter letters of administration upon the estate of the deceased were duly granted by the Probate Court of said county to the said Rebecca, who duly qualified as administratrix and entered upon the discharge of the duties of her office. On the twenty-first of June, 1878, the Probate Court, after due proceedings had, set off the said premises to the said Rebecca as a homestead. The present action was instituted to foreclose the mortgage. The complaint does not aver, nor do the findings show, that the mortgage claim was ever presented to the administratrix for allowance, but the plaintiffs in their complaint allege that " they expressly waive any and all recourse against any other property of the estate of the said L. B. Grider, deceased, other than the premises described in said mortgage;" and they contend, that having thus waived all recourse against any other property of the estate, they are entitled to maintain this action without presentation of the mortgage claim, by

virtue of Section 1500 of the Code of Civil Procedure, which is, and since March 15, 1876, has been, as follows: " No holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following case : An action by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint."

The appellant, who was the defendant in the Court below, relies on Section 1475 of the same Code, which from March 24, 1874, to April 16, 1880, read thus: "If the homestead selected and recorded prior to the death of the decedent be returned in the inventory appraised at not exceeding five thousand dollars in value, or was previously appraised as provided in the Civil Code, and such appraised value did not exceed that sum, the Probate Court must, by order, set it off to the persons in whom title is vested by the preceding section. If there be subsisting liens, or incumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate. If the funds of the estate be adequate to pay all claims allowed against the estate, the claims so secured must be paid out of such funds. If the funds of the estate be not sufficient for that purpose, the claims so secured shall be paid proportionally with other claims allowed, and the liens or incumbrances on the homestead shall only be enforced against the homestead for any deficiency remaining after such payment."

Both of the sections quoted were in force at the time of Grider's death and at the time of the commencement of the present action. They should be so construed, as to maintain both, if possible. This can be done by limiting the operation of Section 1500 to all mortgages and liens other than liens or incumbrances on the *homestead,* specifically required to be presented by Section 1475. (*Gonzales* v. *Wasson,* 51 Cal. 297; *Langenour* v. *French,* 34 id. 92.)

The purpose of the Legislature in providing, by Section 1475, that if there be subsisting liens or incumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate, was undoubtedly

to preserve the homestead if possible. That purpose is as clearly shown as can be by the language employed in the section: "If the funds of the estate be adequate to pay all claims allowed against the estate, the claims so secured must be paid out of such funds. If the funds of the estate be not sufficient for that purpose, the claims so secured shall be paid proportionally with other claims allowed;" and this is followed with the express declaration that "the liens or incumbrances on the homestead shall only be enforced against the homestead for any deficiency remaining after such payment."

Judgment reversed and cause remanded, with directions to the Court below to sustain the demurrer to the complaint.

MORRISON, C. J., and THORNTON, MYRICK, and McKINSTRY, JJ., concurred.

McKEE, J., dissented,