[No. 12867.   In Bank. — April 22, 1889.]

# ANDREW J. BOLLINGER, EXECUTOR ETC. OF ADAM J. BOLLINGR, DECEASED, APPELLANT, *v.* PATRICK MANNING ET AL., RESPONDENTS.

| | |
|---|---|
| 79 | 7 |
| 80 | 210 |
| 79 | 7 |
| 83 | 443 |
| 79 | 7 |
| 85 | 612 |
| 79 | 7 |
| 86 | 350 |
| 79 | 7 |
| 88 | 33 |
| 79 | 7 |
| 92 | 556 |
| 79 | 7 |
| 98 | 484 |
| 79 | 7 |
| 99 | 508 |
| 79 | 7 |
| 102 | 342 |
| 79 | 7 |
| 109 | 67 |
| 79 | 7 |
| d127 | 334 |
| 79 | 7 |
| 132 | 612 |
| 79 | 7 |
| 144 | 654 |
| 144 | 663 |

MARRIED WOMEN — CERTIFICATE OF ACKNOWLEDGMENT — INSUFFICIENCY OF — EXAMINATION WITHOUT HEARING OF HUSBAND. — The certificate of the acknowledgment of a married woman must show that the certifying officer, upon an examination without the hearing of her husband, made her acquainted with the contents of the instrument. A certificate that she was by the officer "first made acquainted with the contents of said instrument, and thereafter she duly acknowledged to me, upon examination, separately, apart from, and without the hearing of her husband," etc., is insufficient.

ID. — CONVEYANCE NOT PROPERLY ACKNOWLEDGED IS VOID. — A deed or mortgage of a married woman not properly acknowledged by her is void.

HOMESTEAD — COMMUNITY PROPERTY — TITLE VESTS IN WIFE ON DEATH OF HUSBAND — ORDER SETTING ASIDE. — On the death of the husband, the title to a homestead declared on community property vests absolutely in the surviving wife; and an order of court made in the matter of the husband's estate, purporting to set aside the homestead property "for the use of the family," does not in any way change or affect her rights as survivor, but merely excludes the property from administration.

ID. — FORECLOSURE OF MORTGAGE ON HOMESTEAD — CLAIM MUST BE PRESENTED AGAINST ESTATE OF MORTGAGOR — DEATH PENDING FORECLOSURE. — Under sections 1475 and 1502 of the Code of Civil Procedure, no action to foreclose a mortgage on the homestead of a deceased mortgagor can be maintained, unless the claim secured by the mortgage be first duly presented for allowance to the personal representative of the mortgagor. And this is so, notwithstanding the action of foreclosure had been commenced, and a *lis pendens* had been filed, prior to the death of the mortgagor, and the plaintiff expressly waives all recourse against any other property of the estate.

ID. — PRESENTATION NOT EXCUSED WHEN ENTIRE ESTATE IS HOMESTEAD. — The fact that the estate had no assets other than the mortgaged homestead which could be subjected to the payment of the mortgage debt does not avoid the necessity of the presentation of the claim.

ESTATE OF DECEDENT — NOTICE TO CREDITORS — PLACE FOR PRESENTATION — OFFICE OF ATTORNEY. — Under section 1490 of the Code of Civil Procedure, a notice to the creditors of a decedent, requiring them to present their claims to the administrator, may designate the office of his attorney as the place where he transacts the business of the estate, and the place for the presentation, although he does not reside there, and transacts his ordinary business elsewhere.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The notary's certificate of the acknowledgment by Ellen Manning, the wife of Patrick Manning, of the mortgage in question, after certifying to her appearance before the notary, and that she was personally known to him to be the individual described therein, and who executed the same, proceeded as follows: "And I do hereby certify that she was by me first made acquainted with the contents of said instrument, and thereafter she duly acknowledged to me, upon examination, separately, apart from, and without the hearing of her husband, that she executed the same freely and voluntary, for the use and purposes therein mentioned, without fear or compulsion, or undue influence of her said husband, and that she does not wish to retract the execution of the same." The further facts are stated in the opinion.

*Archer & Bowden,* and *Schell, Bond & Eastin,* for Appellant.

The *lis pendens* being filed operates not only as notice to every one, but any person taking in any manner under the makers of the mortgage is subject to the mortgage, and the rights of the parties are determined as of the day of the filing of the *lis pendens.* (*Estate of Page,* 50 Cal. 42; *Estate of Brennan,* 65 Cal. 517; Code Civ. Proc., sec. 409.) The failure of the plaintiff to present his claim to the administrator of the estate of Patrick Manning within the time limited in the notice to creditors is not fatal to his action, which was pending at the time of the death, and in which action, by amendment, after letters granted to Lewis, he renounced any claim except upon the mortgaged premises. (Code Civ. Proc., sec. 1500; Civ. Code, sec. 1241.) The case of *Camp* v. *Grider,* 62 Cal. 20, is not in point. In that case

the action was not pending at the death of the husband. In this case it was, and *lis pendens* filed. In this case the plaintiff had no notice of the application to set apart the homestead. If that case is held in point, it is not law, and should be overruled.

*Wright & Hazen*, and *Stonesifer & Minor*, for Respondents.

The certificate of acknowledgment of Mrs. Manning was insufficient. (Civ. Code, sec. 1191; *Hutchinson* v. *Ainsworth*, 63 Cal. 286.) The action to foreclose the mortgage as against the homestead cannot be maintained, as no claim was presented against the estate of the mortgagor. (*Camp* v. *Grider*, 62 Cal. 20; *Wise* v. *Williams*, 72 Cal. 547; Code Civ. Proc., sec. 1475.)

BELCHER, C. C. — Action to foreclose a mortgage. The court below gave judgment for defendants, and the plaintiff appeals.

The mortgage in suit was executed by Patrick Manning in December, 1883, and was signed, but not properly acknowledged, by Ellen Manning, his wife. The property mortgaged consisted of eighty acres of land with the improvements thereon, and was community property. Manning resided upon the property with his family, and in December, 1885, filed a declaration of homestead in proper form thereon, in which he declared, among other things, that he estimated its actual cash value to be four thousand dollars. Plaintiff commenced this action in February, 1886, making Patrick Manning, Ellen Manning, and certain subsequent encumbrancers parties defendant, and at the same time filed a notice of *lis pendens*. Patrick Manning died intestate in March, 1886, and thereafter Henry Lewis was duly appointed administrator of his estate, and was substituted as defendant in his place. Notice to the creditors of the decedent was published, requiring all persons having

claims against him to exhibit them, with the necessary vouchers, within four months after the first publication, "to the said administrator at the office of Wright and Hazen, in the city of Modesto, the same being his place for the transaction of the business of the said estate, in the county of Stanislaus, state of California." An inventory of the estate was filed, in which the real property was appraised at $4,000 and the personal property at $1,243.50.

In September, 1886, the court, by an order duly made, set apart "for the use of the family of said P. Manning, deceased," the land described in the declaration of homestead, together with the dwelling-house thereon and its appurtenances, and ordered that the same be not subject to administration. No claim was presented by plaintiff within the time limited in the notice, but about a year thereafter, in October, 1887, plaintiff presented his claim duly verified, and the same was rejected by the administrator. Thereupon plaintiff amended his complaint, setting up the presentation of the claim as aforesaid, and expressly waiving all recourse against any property of the estate other than that described in the mortgage. The defendants, by their answer, pleaded in bar of the action sections 1500, 1493, 1502, and 1475 of the Code of Civil Procedure. The court below held that the action was barred by the sections named, and rendered judgment accordingly.

1. The action cannot be maintained against Mrs. Manning on the ground that she executed the mortgage, and so the title to the mortgaged premises, which vested in her on the death of her husband, fed the security, and inured to the benefit of the mortgagee. The certificate of her acknowledgment had the same defects as the certificate which was held insufficient in *Hutchinson* v. *Ainsworth*, 63 Cal. 286. And it is well settled that a deed or mortgage of a married woman is void unless it

be properly acknowledged by her. (*McLeran* v. *Benton,* 43 Cal. 467; *Leonis* v. *Lazzarovich,* 55 Cal. 52.)

2. The case comes fully within the rule declared in *Camp* v. *Grider,* 62 Cal. 20. The correctness of that decision has not since been questioned, and the case was cited with approval in *Wise* v. *Williams,* 72 Cal. 547.

The distinctions between that case and this are immaterial. It is true, the action here was pending, and a notice of its pendency had been filed, when Manning died, but that fact did not release the plaintiff from the necessity of presenting his claim. The code declares that in such case the claim must be presented for allowance or rejection, and that "no recovery shall be had in the action unless proof be made of the presentations required." (Code Civ. Proc., sec. 1502.)

So the fact that the court, by its order, set aside the property on which the homestead had been declared "for the use of the family," and not expressly to Mrs. Manning, is of no consequence. The property was community property, and on the death of the husband the title vested absolutely in the surviving wife. (Code Civ. Proc., sec. 1474.) The form of the order was, therefore, immaterial, as it did not and could not change, or affect in any way, the widow's rights, but simply excluded the property from administration.

The court found "that there are not now, nor were there ever, any assets . . . . that could be charged with or subject to the payment of said note and mortgage, or any part thereof, except said land and premises" mortgaged. In *Camp* v. *Grider* it is said: "The purpose of the legislature in providing, by section 1475, that if there be subsisting liens or encumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate, was undoubtedly to preserve the homestead if possible." This being so, it is argued that section 1475 does not apply here. But it does not appear what was the condition of the

Grider estate, nor if it had appeared, do we see how the decision could have been thereby affected. The provision of the section is general, that claims secured by liens or encumbrances on the homestead, selected and recorded prior to the death of the decedent, *must* be presented and allowed as other claims against the estate. The whole matter was under the control of the legislature, and we are not authorized to nullify the plain letter of the law because we can see no good reason for making it applicable to a case like this. As well might any mortgagee claim under section 1500 that he could maintain his action without presenting his claim, and without waiving all recourse against the other property of the estate, if he could show that there was no other property belonging to the estate.

It is next earnestly insisted that the decision in *Camp* v. *Grider* is not sound law, and ought to be overruled. But after carefully reading the able argument of counsel, we are unable to reach their conclusion. It seems to us that the decision is a correct exposition of the sections of the code under review, and that it must therefore be upheld and followed.

3. It is contended that the notice to creditors was insufficient, and that plaintiff lost none of his rights by his failure to present his claim within the time limited. This contention is based upon the fact that the notice specified the office of his attorneys in the city of Modesto as the place where claims were to be presented to the administrator, "the same being his place for the transaction of the business of the said estate."

The code declares that every executor or administrator must cause to be published a notice to the creditors of the decedent, requiring them to present their claims to the executor or administrator "at the place of his residence or business, to be specified in the notice. (Code Civ. Proc., sec. 1490.)

The administrator resided and was engaged in the,

business of cabinet-making at Modesto, and his attorneys, Wright and Hazen, had there office there. Modesto was a small town or city, and it is not pretended that plaintiff did not know of the notice, or that he could not readily have found the administrator and presented his claim if he had chosen to do so. The simple question then is, Did the fact that the office of the administrator's attorneys, instead of his own workshop or dwelling-house, was designated as the place for the presentation of claims, destroy the effect of the notice, or in other words, make it no notice? We do not think it did. It seems to us that the words "place of his business" should be construed to include the place where the administrator transacts the business of the estate, though he may be engaged in transacting some kind of business elsewhere. To hold otherwise would often render it quite inconvenient for creditors to present their claims at all. For example, the administrator may live and be carrying on a farm many miles distant from the county seat, where most or all of the creditors reside, or he may live and be employed in a workshop in some obscure part of a city, not easily accessible.

No authorities are cited upon this point by either side, and we are not aware that any can be found. The language of the code should, therefore, be liberally construed so as to promote justice, and subserve the convenience and best interests of all parties concerned.

In our opinion, the notice involved in this case was sufficient, and it results that the judgment and order appealed from should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.— For the reasons given in the foregoing opinion, judgment and order are affirmed.