[No. 13449.   Department Two. — March 14, 1890.]

## MECHANICS' BUILDING AND LOAN ASSOCIATION, APPELLANT, *v.* JOSEPHINE M. KING, RESPONDENT.

ESTATES OF DECEDENTS — HOMESTEAD — COMMUNITY PROPERTY — SURVIVORSHIP OF WIFE — PRESENTATION OF MORTGAGE CLAIM. — The title to a homestead upon community property vests absolutely in the wife upon the death of the husband; but she takes it as a homestead, and not merely as community property; and if the homestead is encumbered by a mortgage, executed by the husband and wife, such mortgage cannot be foreclosed, unless the claim is presented for allowance against the estate of the decedent within the time limited for presentation of claims.

ID. — MORTGAGE ON STOCK OF BUILDING ASSOCIATION — WAIVER OF RECOURSE AGAINST ESTATE. — Section 1475 of the Code of Civil Procedure only protects the homestead from foreclosure when the claim is not presented against the estate of the deceased husband, and does not affect mortgages or liens on other property; and where, in connection with a mortgage on the homestead given to a building and loan association, the stock held by the decedent in the association is also pledged, the pledge may be foreclosed without any presentation of a claim against the estate, if all recourse against the estate is expressly waived in the complaint.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion.

*D. E. Alexander*, for Appellant.

*Grove L. Johnson*, and *Albert M. Johnson*, for Respondent.

BELCHER, C. C. — The plaintiff, a corporation, commenced this action on the twenty-fourth day of October, 1888, against Josephine M. King, in her individual capacity, and as executrix of the last will and testament of Manuel J. King, to foreclose a mortgage on certain real property and a lien on five shares of plaintiff's capital stock.

The court below refused to grant a decree of foreclosure, and the plaintiff appealed. The case comes here on the judgment roll.

The facts found by the court are, in substance, as follows: In March, 1877, Manuel J. King and Josephine M. King were husband and wife. They owned and resided upon certain community property, and on the fourteenth day of that month jointly executed, acknowledged, and filed a declaration of homestead thereon. From that time until the death of the husband the premises continued to be their homestead.

On the second day of February, 1885, they made their joint promissory note to the plaintiff for one thousand dollars, payable two years after date, and to secure payment of the note, they, on the same day, executed to the plaintiff a mortgage on their homestead property. At that time they were subscribers to and owned five shares of the plaintiff's capital stock, and this stock they also pledged to plaintiff as further security for the payment of their note.

The stock pledged was to be paid for in installments of one dollar per share per month, and the plaintiff's by-laws provided "that if any stockholder shall neglect or refuse to pay his monthly installments of interest, he shall pay a fine of five per cent per month upon the amount of the delinquency." At the time of the trial, installments upon the stock, amounting to $180, had been paid, and there were unpaid installments amounting, with the fines for delinquency, to $167.45.

In December, 1885, Manuel J. King died, leaving a will, which was thereafter admitted to probate. Josephine M. King was duly appointed the executrix of the will, and gave due and legal notice to the creditors of the decedent to present their claims against the estate to her as such executrix. The claim on which this action is based was never presented to the executrix for allowance or rejection, and the time allowed by law for such presentation had expired when the action was commenced.

On the fourth day of May, 1888, the property de-

scribed in the declaration of homestead and mortgage was by the court set apart for the use of the family of the deceased, and on the eighth day of October following, the estate was settled, and the whole thereof was distributed to the said executrix, in trust for herself and children, according to the terms of the will, but no order was ever made or entered formally discharging the executrix.

From these facts the court concluded that the $180, paid as installments upon the stock, should be treated as a payment upon the principal of the note in suit, and the sum was so credited, without any judgment or order for the sale or other disposition of the stock. The court also concluded that, by reason of the failure of the plaintiff to present its claim against the estate of decedent, its mortgage lien was extinguished, and it was entitled only to a personal judgment against the respondent, which was accordingly entered.

The appellant contends that it was entitled to a decree foreclosing its mortgage on the real property and its lien on the personal property, and that the court erred in refusing to grant the relief sought.

1. It is true, as claimed, that the title to the mortgaged premises vested absolutely in the respondent on the death of her husband. But, as said in *Estate of Ackerman*, 80 Cal. 209, " so much of it as was at the time impressed with the character of homestead went to the survivor, not merely as community property, but as a homestead, subject to no other liability than such as existed or had been created under the provisions of the title on homesteads. (Civ. Code, sec. 1265.) It was protected to the survivor of the family in the same manner that it had been to the whole family, and was still a homestead. (See also Code Civ. Proc., secs. 1474, 1475.) The death of one of the spouses did not alter in any way the estate or character of the homestead."

In *Camp* v. *Grider*, 62 Cal. 20, where a husband died,

leavir g a homestead encumbered by a mortgage, which was executed by himself and wife, it was held that the mortgage could not be foreclosed unless the claim was presented for allowance against the estate of the decedent. The result was reached by reading together sections 1475 and 1500 of the Code of Civil Procedure. And in *Bollinger* v. *Manning*, 79 Cal. 7, this decision was approved and followed.

In *Camp* v. *Grider* the note was not signed by the wife, but if it had been, we think the result would have been the same. The court said: "The purpose of the legislature in providing, by section 1475, that if there be subsisting liens or encumbrances on the homestead, the claims secured thereby must be presented and allowed as other claims against the estate, was undoubtedly to preserve the homestead, if possible." And in *Bollinger* v. *Manning*, where it was claimed that section 1475 was not applicable to the case, because there were no assets, other than the mortgaged premises, out of which the note and mortgage could be paid, it was held that the section did apply, and there having been no presentation, that the mortgage could not be foreclosed. The court said: "The provision of the section is general, that claims secured by liens or encumbrances on the homestead, selected and recorded prior to the death of the decedent, *must* be presented and allowed as other claims against the estate. . . . . As well might any mortgagee claim under section 1500 that he could maintain his action without presenting his claim, and without waiving all recourse against the other property of the estate, if he could show that there was no other property belonging to the estate."

As the plaintiff's claim was not presented, the court was right, we think, in holding that it was not entitled to a decree foreclosing its mortgage.

2. As to the five shares of stock. Section 1500 of the Code of Civil Procedure provides that "an action may

be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint." The plaintiff had a valid lien on the stock, and made the waiver required. Section 1475 of the Code of Civil Procedure, and the rule declared in *Camp* v. *Grider*, relate only to mortgages on homesteads, and do not affect mortgages or liens on other property. Under these circumstances, we are unable to see why the plaintiff was not entitled to have its lien foreclosed and the stock sold. It may be that it would suffer no great detriment from the course adopted by the court below; still, we think it was entitled to claim and insist, as it now does, upon its legal rights.

We therefore advise that the judgment be reversed, and the cause remanded, with directions to enter judgment against the defendant for the amount due on the note, without crediting thereon the $180, and a decree foreclosing the plaintiff's lien on the five shares of stock, and directing a sale thereof, and the application of the net proceeds arising from such sale in payment of the said judgment.

HAYNE, C., and GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with directions to enter judgment against the defendant for the amount due on the note, without crediting thereon the $180, and a decree foreclosing the plaintiff's lien on the five shares of stock, and directing a sale thereof, and the application of the net proceeds arising from such sale in payment of the said judgment.