[No. 13499.    In Bank, — July 28, 1890.]

BRIDGET HEARN, APPELLANT, v. MARY E. KENNEDY ET AL., RESPONDENTS.

HOMESTEAD — MORTGAGE BY HUSBAND AND WIFE TO SECURE JOINT AND SEVERAL PROMISSORY NOTE — FORECLOSURE AGAINST WIFE — PRESENTATION OF CLAIM AGAINST ESTATE OF DECEASED HUSBAND — PLEADING. — A mortgage on a homestead given by a deceased husband and his wife to secure the payment of their joint and several promissory note (the homestead having been set apart to the wife out of the estate of the husband) cannot be foreclosed, unless the claim of indebtedness was presented for allowance against the estate of the deceased husband; and a complaint upon foreclosure against the wife alone, praying for a personal judgment against her, which omits to allege such presentation of claim, is subject to a demurrer on the ground that it does not state facts sufficient to constitute a cause of action. (BEATTY, C. J., dissenting, holds that while the mortgage cannot be foreclosed, plaintiff is entitled to a personal judgment against the wife for the amount of the note.)

APPEAL from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion of the court.

*John F. Ellison,* for Appellant.

*William Nagle,* for Respondents.

SHARPSTEIN, J.—Appeal from a judgment. The only question to be considered here is, Was the demurrer to the complaint properly sustained?

The complaint alleges that, in 1875, the defendant Mary E. Kennedy and one Michael Kennedy were husband and wife; that in 1875 they filed a declaration of homestead upon certain lots in Red Bluff, California; the homestead was a valid one; that Michael Kennedy died in 1886, and the defendant Mary E. Kennedy was appointed the administratrix of his estate; that on the thirteenth day of February, 1888, the superior court of Tehama County, on the petition of the said Mary E. Kennedy, made an order setting aside the lots above referred to, as a homestead, to the defendant Mary E. Kennedy; that on the twelfth day of October, 1882, said Mary E. Kennedy and her husband, Michael Kennedy, executed a joint and several note to the plaintiff for five hundred dollars, due five years after date, bearing interest at rate of ten per cent per annum; that to secure this note the defendant Mary E. Kennedy and her husband, Michael Kennedy, executed and delivered to the plaintiff a mortgage covering the lots above described.

The complaint does not allege that the claim of indebtness upon which this suit was brought was ever presented to the administratrix for allowance. The complaint prays for a personal judgment against the defendant Mary E. Kennedy, and for a sale of the lots described in the mortgage.

The defendant C. P. Braynard is made a defendant because, it is alleged, he has or claims some interest in the mortgaged premises.

Defendant demurred to the complaint, on three grounds: 1. That there is a defect of parties plaintiff, in that the personal representative of the Kennedy estate should have been made a party defendant; 2. That several causes of action have been improperly united; and 3. That the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained on the ground that the complaint does not state facts sufficient to constitute a cause of action. The complaint does not state that the claim secured by the mortgage was ever presented to the administratrix for allowance. In *Camp* v. *Grider*, 62 Cal. 20, where a husband died, leaving a homestead encumbered by mortgage which was executed by himself and wife, it was held that the mortgage could not be foreclosed unless the claim was presented for allowance against the estate of the decedent. In that case the note was not signed by the wife. In *Mechanics' Building and Loan Association* v. *King*, 83 Cal. 440, both the note and mortgage were executed by the husband and wife, jointly, and it was held that the mortgage could not be foreclosed without presenting the claim for allowance against the estate of the decedent.

On the authority of these cases the demurrer was properly sustained.

The demurrer to the complaint was sustained on the 16th of July, 1889, and on the 27th of September, 1889, the plaintiff having failed to amend her complaint, judgment was rendered and entered in favor of defendants.

Judgment affirmed.

Fox, J., McFarland, J., and Thornton, J., concurred.

Beatty, C. J., dissenting. — On the authority of the cases cited, it seems to be settled that the plaintiff can-

not foreclose her mortgage, but the facts alleged seem to be sufficient to entitle her to a personal judgment for the amount of the note. If so, the complaint was good against a general demurrer for want of facts.