[Civ. No. 311.   First Appellate District.—December 24, 1906.]

## HIBERNIA SAVINGS AND LOAN SOCIETY, Appellant, v. AUGUSTE LAIDLAW, Executrix of JULIA E. A. HINZ, Deceased, Respondent.

FORECLOSURE OF MORTGAGE—AMENDMENT OF ANSWER BY EXECUTRIX—
NEW DEFENSE—TRIAL—OBJECTION UPON APPEAL.—In an action to foreclose a mortgage where a demurrer was sustained to an original answer, the court properly allowed the defendant to amend the answer by setting up a new defense; and where the plaintiff made no objection thereto by motion, and went to trial upon the issues joined, he cannot, after judgment, object upon appeal to the character of the amended answer.

ID.—MORTGAGE BY WIDOW UPON HOMESTEAD—COMMUNITY PROPERTY—
SURVIVORSHIP—PRESERVATION OF HOMESTEAD.—A homestead declared upon community property, upon the death of the husband, vests absolutely in the widow, and retains its homestead character, unaffected by her subsequent mortgage thereupon.

ID.—FORECLOSURE AFTER DEATH OF WIDOW—PRESENTATION OF CLAIM
ESSENTIAL—LOSS OF RIGHT OF ACTION.—Where the widow's mortgage upon the homestead was not foreclosed during her life, the mortgage thereupon must be presented as a claim against her estate, under section 1475 of the Code of Civil Procedure; and upon a failure to do so, the right to foreclose the mortgage, as well as any right of action upon the note secured thereby, is lost, and there can be no recovery thereupon.

ID.—HOMESTEAD PRESERVED FOR FAMILY—CESSATION NOT SHOWN BY
RECORD UPON APPEAL.—Upon the death of the widow, the homestead is preserved for her family, if she has any, and where the record upon appeal does not show that she did not leave a family, the cessation of the homestead does not appear therefrom.

APPEAL from judgment of the Superior Court of Alameda County. W. E. Greene, Judge.

The facts are stated in the opinion of the court.

Tobin & Tobin, for Appellant.

Alex G. Eells, for Respondent.

HARRISON, P. J.—Action for the foreclosure of a mortgage executed to the plaintiff by Julia A. E. Hinz, since deceased. Judgment was rendered in favor of the respondent, and the plaintiff has appealed from the judgment upon the judgment-roll, including a bill of exceptions.

The facts presented at the trial as appears from the record are as follows: September 19, 1903, the property described in the complaint was the community property of said Julia A. E. Hinz and her husband, John J. A. Hinz, and on that day the said Julia executed and acknowledged in proper form and caused to be duly recorded a declaration of homestead thereon. The property was at that time subject to a mortgage, which had been executed to the plaintiff by the husband in 1890 to secure his promissory note for $3,000. Prior to the maturity of this note, viz., November 13, 1894, the said John and Julia executed to the plaintiff their joint and several promissory note for the sum of $3,000, payable in one year thereafter, and for the purpose of securing its payment executed and delivered to the plaintiff a mortgage of the said property. November 25, 1894, the husband died testate, devising the premises in question to his wife Julia. October 19, 1899, Julia executed to the plaintiff the note and mortgage set forth in the complaint herein in renewal of the note and mortgage made by herself and husband. She died February 18, 1901, leaving a last will and testament, wherein the respondent, Auguste Laidlaw, was appointed executrix. Her will was admitted to probate March 18, 1901, and letters testamentary on her estate were on that day issued to the said executrix. Thereafter, upon the order of the court, due and legal notice was given by the executrix to the creditors of Julia to present to her for allowance their claims against the estate of her testatrix. The plaintiff did not present to her any claim upon the note or mortgage set forth in the complaint, but after the time for presentation of claims had expired brought the present action

for the foreclosure of the mortgage and sale of the property in satisfaction of the note.

1. The defendant filed an answer to the complaint, to which the plaintiff demurred, and its demurrer was sustained with leave to the defendant to amend. An amended answer was thereafter filed, and the cause was tried upon the issues raised thereby. The appellant urges, as one of the grounds for the reversal of the judgment, that the demurrer should have been sustained without leave to amend, and it also urges that the defendant should not have been allowed to set up in her answer a defense different from that presented in her original answer. There was no error in the order allowing the defendant to amend her answer. If the facts relied upon for a defense were either defectively or erroneously stated therein, and it did not appear that the defect or error was incurable, the court was justified in giving her an opportunity to properly present the facts. When the amended answer was filed the plaintiff made no motion to strike out that portion claimed by it to be a new defense, but went to trial upon the issues thereby raised. It cannot, therefore, after waiting for the judgment, make this objection to the character of the answer upon an appeal therefrom. It may be added that if there was a defense to the action which the defendant did not set forth in her original answer, even though she had no knowledge of such defense, or of the facts constituting the same, until after the order made sustaining the demurrer, it would have been the duty of the court, upon her request, to allow her to amend her answer in order that such defense might be presented. (*Guidery* v. *Green,* 95 Cal. 630, [30 Pac. 786].)

2. The property covered by the homestead declaration having been selected from the community property vested absolutely in Julia upon the death of her husband, and while held by her retained its homestead character, and was under the same protection and immunity as it was during the existence of the community. (*Sanders* v. *Russell,* 86 Cal. 119, [21 Am. St. Rep. 26, 24 Pac. 852].) Its subsequent mortgage by her to the plaintiff had no effect upon its character as a homestead other than does the mortgage of a homestead which is executed by both husband and wife. It became thereby subject to the lien of the mortgage and during her lifetime was subject to foreclosure and sale in an action by the plaintiff therefor. Upon her death, however, the provisions of section

1475, Code of Civil Procedure, became operative, and required the plaintiff, as holder of the mortgage, to present its claim secured thereby for allowance as other claims against her estate; and, after such presentation, it had the right to have the claim paid out of the general funds of the estate so far as these funds were available, and to enforce the lien of its mortgage against the homestead for any deficiency remaining after such payment. Its failure, however, to make such presentation deprived it of the right to enforce its mortgage for any part of its claim. (*Camp* v. *Grider,* 62 Cal. 20; *Mechanics' B. & L. Assn.* v. *King,* 83 Cal. 440, [23 Pac. 376].)

3. Section 1500, Code of Civil Procedure, declares that "No holder of any claim against an estate shall maintain any action thereon unless the claim is first presented to the executor or administrator." The only exception to this rule is where a mortgagee seeks to enforce a lien upon certain specific property of the estate; and unless the claimant brings himself within the exception his failure to present his claim to the executor or administrator precludes him from maintaining any action upon his claim. But where the mortgage is upon property which is subject to a claim of homestead, section 1475, Code of Civil Procedure, limits the exception in section 1500 to an action for its foreclosure during the lifetime of the mortgagor (*Sanders* v. *Russell,* 86 Cal. 119, [21 Am. St. Rep. 26, 24 Pac. 852]), and requires the holder of the claim secured by such mortgage to present the same "as other claims against the estate." The plaintiff, by reason of its failure to present to the executrix of Julia its claim upon the promissory note set forth in the complaint herein, is not only unable to maintain an action for the foreclosure of the mortgage, but by the above provision of section 1500 is also precluded from maintaining any action on the note independent of the mortgage. The extinguishment of the mortgage lien, by reason of such failure to present its claim, did not give it the right to bring an action upon the note without such presentation. (*Hibernia S. & L. Soc.* v. *Thornton,* 109 Cal. 427, [50 Am. St. Rep. 52, 42 Pac. 447].)

4. Other questions are discussed in the briefs of counsel, and as they have no connection with the foregoing defense, and as the rulings of the trial court thereon, even if erroneous, would not affect the above conclusion, they need not be considered.

The proposition of appellant that the provisions of section 1475 are inapplicable, for the reason that upon the death of Julia the homestead ceased to exist, does not arise upon the facts contained in the record. It does not appear therefrom that she did not leave a family for which the homestead is to be preserved. Whether she did or did not leave a family is not shown; and as there is no presumption upon the question, it was incumbent upon the plaintiff to establish the fact upon which it contends that the provisions of the section are inapplicable.

The judgment is affirmed.

Cooper, J., and Hall, J., concurred.