[Civ. No. 1000.   First Appellate District.—July 22, 1912.]

## HYMAN GOLDWATER, Respondent, v. THE HIBERNIA SAVINGS AND LOAN SOCIETY, a Corporation, Appellant.

MORTGAGE—NATURE OF POWER OF SALE—PART OF SECURITY FOR DEBT—LIEN WITHOUT TITLE.—A power of sale contained in a mortgage is authorized by section 2932 of the Civil Code, and by the terms of section 858 of that code it is to be deemed part of the security for the payment of the mortgage debt, and it is therefore, with the mortgage, in the nature of a lien upon the property affected by the power, and conveys no estate or title to the land.

ID.—EXTINGUISHMENT OF LIENS OF MORTGAGE AND OF POWER OF SALE—STATUTE OF LIMITATIONS.—Since, by the express terms of section 2911 of the Civil Code, "a lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation," where the mortgage debt and the note secured thereby are forever barred and extinguished, the lien of the mortgage is extinguished, and the power of sale contained therein, which is deemed a "part of the security" for the same debt, and in the nature of a lien thereon, is likewise extinguished.

ID.—ATTEMPTED SALE UNDER EXTINGUISHED POWER OF SALE—RESTRAINT IN EQUITY—TENDER OF PAYMENT OF OUTLAWED DEBT NOT REQUIRED.—Where the plaintiff seeks a decree in equity restraining a sale of plaintiff's land under a power of sale executed by a deceased mortgagor, and attempted by the subsequent owner of the mortgaged land after the mortgage and the debt secured thereby had become extinguished by the statute of limitations, the plaintiff is not required, in order to maintain such action, to tender payment of the outlawed unpaid debt.

ID.—OPINION ON ORDER OF SUPREME COURT DENYING REHEARING—NATURE OF POWER OF SALE IMMATERIAL—NAKED POWER—INTEREST EXTINGUISHED.—It is held by the supreme court, in its order denying a rehearing, that the opinion of the district court of appeal is correct, regardless of the question whether a power of sale contained in a mortgage is or is not technically a lien upon the land; that at the time defendant attempted to exercise the power the debt, note and mortgage were barred, and the mortgagor was deceased; that the lien of the mortgage was thereby extinguished, and the mortgagee, as holder of the power, was without any interest in the land as lienholder, or at all, and the interest, once coupled with it, had ceased to exist; that it became a naked power, which terminated with the extinction of the interest.

APPEAL from a judgment of the Superior Court of Alameda County.   Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Tobin & Tobin, for Appellant.

Reed, Black & Reed, J. W. Bingaman, and Thos. C. Huxley, for Respondent.

HALL, J.—This is an appeal by defendant from a judgment rendered in favor of plaintiff, after an order overruling defendant's demurrer to plaintiff's amended complaint and sustaining plaintiff's demurrers to defendant's answer and cross-complaint.

Plaintiff by his complaint sought a decree restraining defendant from the threatened sale of land of plaintiff under a power of sale, contained in a mortgage, executed by the predecessor in interest of plaintiff, one Julia Hinz, upon her homestead, to secure the sum of $3,000 and interest.

As appears from the complaint, Julia Hinz had deceased before the attempted execution of the power, and the debt and note had also become barred by the statute of limitations, which bar is pleaded and set up both in the complaint and in the demurrer to defendant's answer and cross-complaint.

The debt, as appears from the pleadings, has never been paid.

The answer and cross-complaint set up the facts in greater detail than in the complaint, but it is perfectly clear from each and all of the pleadings that the mortgagor had deceased long before the attempted execution of the power, and that, likewise, any action upon the debt, note and mortgage had become barred by the statute of limitations.

An attempt was made to foreclose the mortgage by suit instituted by defendant against the executor of the last will of the mortgagor, which failed for the reasons set forth in the decision on appeal to this court.   (*Hibernia S. & L. Soc.* v. *Laidlaw,* 4 Cal. App. 626, [88 Pac. 730].)

The points of law presented by the demurrer may be considered under three heads, and are so discussed in a very able manner by counsel.

1. Is a power of sale contained in a mortgage given to secure the payment of a sum of money, owing by the mortgagor to the mortgagee, revoked by the death of the mortgagor?

2. Does the power of sale contained in the mortgage survive the barring by the statute of any action upon the debt, note and mortgage?

3. If it be determined that the power of sale is no longer existent, for either of the reasons above suggested, may the mortgagor or her successor in interest invoke the aid of a court of equity to restrain a threatened sale under the power, without tendering payment of the outlawed, but unpaid, debt?

Both appellant and respondent have discussed these three questions elaborately and with much ability.

Whether or not the power to sell contained in the mortgage is revoked by the death of the mortgagor depends upon whether or not such power of sale is a power *coupled with an interest.* (Civ. Code, sec. 2356.)

Upon this question there is much conflict in the decisions in those states where, as in California, a mortgage transfers no title or estate in the property mortgaged.

In this case, however, we do not deem it necessary to determine this question, for we agree with appellant that the ultimate determination of the matters in controversy between plaintiff and defendant depends upon the construction of sections 858 and 2911 of the Civil Code, for it depends upon the meaning of these sections whether or not the power to sell contained in a mortgage survives the bar of the statute against the debt and mortgage.

Section 2911 of the Civil Code provides that: "A lien is extinguished by the lapse of the time within which, under the provisions of the Code of Civil Procedure, an action can be brought upon the principal obligation."

No other state in this country, so far as we are advised, has any such provision in its law. In New York the statutory provision is just the reverse, the word "not" being inserted before the word "extinguished."

It is apparent that little light can be thrown upon the law of this state by decisions from other jurisdictions which have no such provision or rule of law as is contained in our section 2911.

This section can have but one meaning according to its plain terms, which is that the *lien is extinguished* by the lapse of time that will bar an action upon the principal obligation.

This at once suggests the question, What is a power to sell, contained in a mortgage?

Such a power is authorized by the terms of section 2932 (Civ. Code) and by the terms of section 858 (Civ. Code), "is to be deemed a part of the security." In other words, the power to sell is a part of the security for the payment of the debt. By the execution of the power, the mortgagor has placed the property under the power of the mortgagee for sale to secure the payment of the debt. In other words, the power to sell is but a lien upon the property affected by the power. It conveys no estate or title to the land.

By the terms of section 2872 (Civ. Code), "A lien is a charge imposed in some mode other than by a transfer in trust upon specific property by which it is made security for the performance of an act."

A power to sell land contained in a mortgage and which is expressly by our law "to be deemed a part of the security" (sec. 858, Civ. Code) comes squarely within the definition of a lien. It is a lien imposed upon the mortgaged land to secure the payment of the debt. Being a lien, by the very terms of section 2911 (Civ. Code), it is extinguished by the barring, by the statute of limitations, of an action upon the debt to secure the payment of which it was given. We can see no escape from the logic which compels the conclusion at which we have arrived from a consideration of the section of our law bearing upon the question under discussion.

The argument of appellant that the language of the section suggests that its application should be confined to the remedy by action does not strike us as sound. The bar as to remedies by action in court had already been fully and completely provided for. This section was intended to do something that had not been done by the various sections relating to the time within which action may be brought. It was intended to provide for the extinguishment of the lien given upon property for the payment of a debt whenever by the lapse of time an action on the debt or other obligation is barred.

This is clearly the view of the effect of section 2911 (Civ. Code) taken in *Puckhaber* v. *Henry,* 152 Cal. 419, 420, [125

Am. St. Rep. 75, 14 Ann. Cas. 844, 93 Pac. 114], where the court points out the difference between the rule in California and other states.    The court had before it the case of a pledge remaining in the possession of the creditor, which the debtor or his successor in interest sought to obtain, which is not the case here.    The court said: "The effect of the California rule is undoubtedly to prevent any affirmative action on the part of the mortgagee or pledgee to enforce his lien, after the debt is barred by the statute of limitations."    Which is precisely what appellant is trying to do in the case at bar.    By advertising the property for sale and by the threatened sale, appellant is taking affirmative action to enforce his lien.    By its cross-complaint, in which it asks for a decree directing it to proceed to sell under the power, it is also taking affirmative action.

Appellant cites the case of *Menzel* v. *Hinton,* 132 N. C. 660, [95 Am. St. Rep. 647, 44 S. E. 385], from North Carolina, as a case holding that the power of sale survives the bar of the statute as to the debt, and claims that the law of such state is similar to the law of this state embodied in section 2911, but examination of the case discloses that there is no law in North Carolina similar to our section 2911.    The court had before it simply the construction of the usual statute of limitations as to the time for bringing action in court.    There is nothing in the statute of North Carolina, as disclosed in the case cited, providing for the extinguishment of liens.    The case is not in point.    (It may be noted that *Menzel* v. *Hinton* was decided by a divided court—three to two.)

For the reasons above set forth, we are of the opinion that the power of sale under which appellant threatens to sell plaintiff's land has expired, and it is no longer of any validity.

This brings us to the third question involved in this appeal: May the plaintiff invoke the aid of a court of equity to restrain a threatening sale under the power contained in the mortgage, without tendering payment of the outlawed, but unpaid, debt?

Appellant argues with much earnestness and learning that this case comes within the rule that "he who seeks equity must do equity," and with the rule of the many cases that might be cited that hold that a mortgagor may not invoke the aid of the court to quiet his title against the cloud of an outlawed mortgage, without offering to pay the unpaid debt.

But in this case plaintiff is not seeking to disturb the *status quo.* He is not asking the court to remove a cloud upon his title, except as it may incidentally do so by preventing the appellant from taking aggressive and further action that will put upon plaintiff's title a further and additional cloud. The power involved in this case contains the provision that the recitals in the deed that may be given upon the sale under the power "must be deemed conclusive evidence of the facts recited."

Appellant is threatening to proceed to sell under this lapsed power and, as it is alleged, will execute a deed to the purchaser under such sale.

It cannot be doubted but that if appellant should sue plaintiff in foreclosure, plaintiff could successfully plead the bar of the statute in such a suit in equity. It seems to us that plaintiff now bears the same relation to appellant, in presenting for adjudication his right to prevent the enforcement of the extinguished lien, by the affirmative action of appellant in the threatened sale which may result in a deed containing recitals that may result in extinguishing plaintiff's title, that he would bear to appellant if appellant should sue in foreclosure and plaintiff herein should plead the bar of the statute. In either case he would but be setting up the bar of the statute to prevent affirmative action against him. He would be using the bar of the statute as a shield and not as a sword.

In this connection we are glad to refer to the case much relied upon by appellant as sustaining the proposition that a court of equity will not restrain the execution of a power to sell contained in a mortgage. (*House* v. *Carr,* 185 N. Y. 453, [113 Am. St. Rep. 936, 7 Ann. Cas. 185, 6 L. R. A., N. S., 510, 78 N. E. 171].) In this case the court was divided in the proportion of four to three. The majority held that the action would not lie. The only two cases which the majority opinion cited as exactly in point are the cases of *Goldfrank* v. *Young,* 64 Tex. 432, and *Hutaff* v. *Adrian,* 112 N. C. 259, [17 S. E. 78]. In the Texas case the sale was under a trust deed, which conveyed the fee to the trustee, and the North Carolina case was in a jurisdiction where suits by a plaintiff in possession will not be entertained, where such plaintiff can defend against the suit of the purchaser in ejectment. Neither of these cases lend much support to the rule followed by the majority opinion.

in *House* v. *Carr*. Upon the other hand, the other three judges agree in an opinion written by Vann, J., which to our minds presents most cogent reasons why the action should be sustained. This opinion very fully points out the reasons that have suggested themselves to this court as sound reasons why this plaintiff should be permitted to invoke the aid of the court to protect himself and his title from a threatened aggressive attack. An attack, which because of the language of the power, may result in unlawfully depriving plaintiff of his property, for which, as it appears from the allegations of the pleading, he paid full value after the claim of appellant had been barred and its lien extinguished. For these reasons we do not think that this case comes within the rule that a plaintiff may not invoke the aid of a court of equity to quiet his title against the cloud of an outlawed, but unpaid, mortgage.

Certain it is, we think, that plaintiff had a right to plead the bar of the statute as a defense to appellant's cross-complaint, in which he sought for a decree directing and expressly authorizing a sale under the power, and the ruling of the court upon the demurrer to the cross-complaint was undoubtedly correct. (*Marshutz* v. *Seltzor,* 5 Cal. App. 141, [89 Pac. 877].)

Upon the whole case, we think the court did not err in its rulings upon the demurrers, and that the judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 20, 1912, and the following opinion then rendered thereon:

THE COURT.—We deem the opinion of the district court of appeal herein correct, regardless of the question whether a power of sale included in a mortgage is or is not technically a lien on the land. At the time the defendant attempted to execute the power, the debt, note and mortgage had become barred and the mortgagor was deceased. The lien of the mortgage was, therefore, extinguished, and the mortgagee, as holder of the power, was without any interest whatever in the land, as lienholder or at all. Consequently, on well-settled prin-

ciples, the interest once coupled with it had then ceased to exist, it had become a naked power, and the mortgagor who made it being dead, the power had terminated with the extinction of the interest.

The petition for a hearing in the supreme court is denied.