[Civ. No. 2834.   First Appellate District,   Division One.—May 5, 1919.]

JOHN VOTYPKA, Jr., Appellant, v. FLORA A. VALENTINE' et al., Respondents.

[1] MORTGAGES—HOMESTEAD—DEATH OF SPOUSE—FAILURE TO PRESENT CLAIM—LOSS OF RIGHT OF ACTION TO FORECLOSE.—Where the husband prior to his death had declared and recorded a homestead on community property which was subject to a mortgage, and the mortgagee failed to present a claim against his estate within the time prescribed in the notice to creditors, the property covered by such homestead became thereby released from the operation and effect of the mortgage, and an action for the foreclosure thereof could not thereafter be maintained.

[2] HOMESTEADS—PROPERTY IN TWO COUNTIES—RECORDATION OF DECLARATION IN ONE—VALIDITY OF.—Where the property sought to be covered by a homestead is situated partly in one county and partly in another, and the main portion of the lands is located in the county where the declaration of homestead is recorded, the homestead is valid as to the lands described therein which are situated within such county.

[3] ESTATES OF DECEASED PERSONS—NOTICE TO CREDITORS—TIME FOR PUBLICATION.—If the first publication of notice to creditors is made after the order therefor has been signed and filed, it is immaterial that such first publication is made upon a date prior to the entry of such order.

[4] PLACE OF TRIAL—MORTGAGE ON LANDS IN ADJOINING COUNTIES—PARTIAL INVALIDITY.—Where a mortgage is void as to such of the land described therein as is located in a given county, but valid as to that located in another, an action to foreclose such mortgage cannot be maintained in the former county.

APPEAL from a judgment of the Superior Court of Lake County.   M. S. Sayre, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Oscar W. Hilton, Harlow V. Greenwood and W. U. Goodman for Appellant.

C. M. Crawford and Geo. K. Ford for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants.  The action is one to foreclose a mortgage.  The facts are undisputed and are briefly as fol-

lows: On and prior to the ninth day of May, 1911, the prem-
ises described in the complaint herein were the community
property of Clarence A. Valentine and Flora A. Valentine,
his wife, and òn the above date they executed their promissory
note, secured by a mortgage, upon the whole of said premises,
delivering the same to one George F. Hilton, with the mort-
gage described therein, which note, as to the principal and as
to a certain portion of the interest, was unpaid at the time
this action was brought. The mortgage thus executed and
delivered described the property covered thereby as "situate,
lying and being in the county of Lake, State of California."
The mortgage was recorded in Lake County on May 16, 1911,
but was also recorded in Napa County on December 15, 1915,
a few days before this action was commenced. On March 19,
1912, Clarence A. Valentine made and executed a declaration
of homestead upon the whole of said premises, describing the
same as being situated in the county of Lake, and recorded
said declaration of homestead upon the date of its execution
in the county of Lake, but not elsewhere. On August 27,
1912, said Clarence A. Valentine died intestate in the city
and county of San Francisco, being then a resident therein,
and thereafter and on April 25, 1913, after due proceedings
had, his widow, Flora A. Valentine, was duly appointed and
qualified as the administratrix of his estate. On said April
25, 1913, an order for the publication of notice to creditors
was signed by the probate judge, which was filed with the
clerk of his court on the following day; on April 28, 1913,
another order for the publication of notice to creditors was
signed by the same judge and filed on the same date with
the clerk. These two orders are identical, except as to their
dates and filing marks, and no reason for their duplication
appears in the record. Both orders were recorded on May 2,
1913. The first publication of notice to creditors under one
or both of these orders was made on April 29, 1913. It ap-
pears in the record that such publication was made in the
selected newspaper on said April 29, 1913, and also on May
6th, 13th, and 20th and 27th of that year, and that on June
20, 1917, upon a showing of these facts, a decree establishing
due and legal notice to creditors in said estate was signed,
filed, and recorded in said probate court. No claim was ever
presented to the administratrix of said estate by the holder
of said note and mortgage which shortly after their execution

had been assigned to the plaintiff in this action. In the complaint filed herein for the foreclosure of said note and mortgage the plaintiff describes one of the pieces or parcels of land covered by said mortgage as being situate "partly in the county of Lake and partly in the county of Napa," but does not further show either in said complaint or in the evidence offered in support of its averments what portion of said premises is located in the county of Napa. The court in its findings recited that the allegation of that paragraph of the complaint which contains this breif recital as to the location of a portion of said premises partly in Napa County is true, but the findings do not inform us what, if any, appreciable portion of said premises is located in Napa County. This action was commenced in the county of Lake. The plaintiff, by an amendment to his said complaint, expressly waived all recourse against any other property of the estate than that described in said mortgage, and also waived any deficiency judgment.

The defendants in their answer averred the foregoing facts as to the making and recordation of said homestead, and as to the death of said Clarence A. Valentine, and the said proceedings taken in the course of the administration of his estate, and thereupon prayed that the plaintiff take nothing by this action.

The trial court found these averments of the defendants' answer to be true, and entered its judgment in their favor and in accordance with their said prayer.

The appellant herein contends that said judgment was erroneous for several reasons. The first of these relates to the jurisdiction of the court to entertain said action. [1] The position of the respondents in this regard is that having established the fact that the premises in question were the community property of the Valentines, and that the deceased husband had declared and recorded in the county of Lake a homestead thereon, and thereafter had died, and that in the course of probate of his estate notice to creditors had been duly ordered and published, and that no claim had ever been presented for or on account of said note and mortgage, as required by section 1475 of the Code of Civil Procedure, the property covered by said homestead became thereby released from the operation and effect of said mortgage, and hence this action to foreclose the same could not be maintained under said section and also under section 1500 of said code. The

following authorities cited by respondent sustain this view with respect to the application of the foregoing sections of the Code of Civil Procedure to cases of this character: *Camp* v. *Grider*, 62 Cal. 20; *Bollinger* v. *Manning*, 79 Cal. 7, [21 Pac. 375]; *Hearn* v. *Kennedy*, 85 Cal. 55, [24 Pac. 606]; *Rosenberg* v. *Ford*, 85 Cal. 610, [24 Pac. 779]; *Hibernia Sav. & L. Society* v. *Laidlaw*, 4 Cal. App. 626, [88 Pac. 730].

The appellant, however, urges three main arguments against the application of the sections of the code and the cases construing them to the facts of the case at bar. The first of these is that the complaint having averred, and the court having found, that a portion of the premises covered by said homestead was situated partly in the county of Napa, the said homestead is wholly void because it was not recorded in Napa County. We cannot go to the extent which the appellant would have us go in order to uphold this contention. [2] The homestead was duly recorded in the county of Lake. So far as this record discloses, the main amount of the lands covered by said homestead declaration are located in the county of Lake. In point of fact, it has not been shown that any substantial or valuable, or not easily divisible, part of said premises is located in Napa County. This being the state of the record, we are constrained to hold that the homestead is valid as to the lands described therein which are situated within the county of Lake, wherein said homestead was duly recorded, and that the same was such valid and subsisting homestead at and during the time of the giving of notice to creditors in the course of probate of said estate, and that if the publication of such notice to creditors was itself valid, and if no claim was presented by the mortgagee thereunder, his mortgage, in so far as it related to the lands covered by said homestead located in said Lake County, was released under the provisions of the foregoing code sections and of the above-cited authorities construing the same.

[3] The appellant, however, further contends that this result does not follow for the reason that the publication of such notice to creditors in said estate was void, its alleged invalidity consisting of the fact that the first publication of said notice was made upon a date prior to the entry of the order for publication of notice to creditors, although it is conceded that the said publication was begun upon a date *after* the said order for publication had been signed and filed. We

find no merit in this contention. In *Estate of Hughston,* 133 Cal. 321, [65 Pac. 742, 1039], the supreme court held that as to probate orders their entry in the book prescribed by the statute was a mere ministerial act of the clerk, having for its purpose the fixing of the time within which an appeal might be taken, and that such orders are perfect and complete from the time they are signed and filed. The case of *Tracy* v. *Coffey,* 153 Cal. 356, [95 Pac. 150], cited by the appellant in support of his contention, does not in any degree militate against the rule above announced, since its only effect was to hold that probate orders must be entered in order to fix the time within which an appeal may be taken.

[4] Finally, the appellant contends that he was entitled to commence and maintain this action in the county of Lake for the purpose of foreclosing said mortgage as to that portion of the lands in question as lay within the county of Napa, under the provisions of article VI, section 5, of the state constitution, which reads in part as follows: "Provided, that all actions for the recovery of the possession of, quieting the title to, or for the enforcement of liens upon real estate, shall be commenced in the county in which the real estate, or any part thereof, affected by such action or actions, is situated." The difficulty with the appellant's contention in this regard lies in the fact that under the authorities above cited the appellant's failure to present his claim against the estate of Valentine within the period prescribed by law had the effect of releasing so much of the property covered by said mortgage as lay in the county of Lake, as to which we have herein held the homestead to be valid. This being so, such of said property as was thereby released from the operation and effect of said mortgage would be no longer affected by it, and hence would not be affected by any action which could be commenced for the enforcement of the lien of said mortgage. The trial court, therefore, properly held that the action could not be maintained in Lake County for the foreclosure of the mortgage as to lands which were located in the county of Napa. (*Rogers* v. *Cady,* 104 Cal. 288, [43 Am. St. Rep. 100, 38 Pac. 81].)

This disposes of the several contentions urged by the appellant upon this appeal.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.