[No. 13548.  In Bank. — September 12, 1890.]

JACOB ROSENBERG ET AL., RESPONDENTS, v. MARTHA FORD, APPELLANT.

HUSBAND AND WIFE — COMMUNITY PROPERTY — HOMESTEAD — MORTGAGE — ESTATE OF DECEDENT — FAILURE TO PRESENT CLAIM — NEW MORTGAGE BY WIDOW — CONSIDERATION. — Where a husband and wife, to secure certain notes made by the husband, mortgaged a homestead declared upon community property, and after the husband's death the holders of the notes and mortgage failed to present them as claims against his estate within the time prescribed by law, such failure operated as a bar to the foreclosure of the mortgage, and released the homestead property; and if the widow, in ignorance and mistake as to the law upon such a matter, executed another mortgage upon the homestead, securing the payment of other notes, the amounts of which were made up of the original debt of the husband, and of a small sum borrowed by the wife from the mortgagee prior to the time she gave the second mortgage and notes, the second mortgage, so far as it covered the amount included in the former mortgage on the homestead, is without consideration, the widow being under no personal obligation, either legal or moral, to pay the debt of her deceased husband.  (PATERSON, J., dissenting.)

ID. — FORECLOSURE OF MORTGAGE — MUTUAL MISTAKE OF LAW — FAILURE TO FIND UPON MATERIAL ISSUE. — Upon foreclosure of such second mortgage, if the answer alleges facts showing that both parties were under a mutual misapprehension as to the law when the notes and mortgage were executed, the issue thus raised is material, and a failure to find upon it is ground of reversal.

APPEAL from a judgment of the Superior Court of Plumas County.

The facts are stated in the opinion of the court.

*Goodwin & Goodwin,* for Appellant.

*F. B. Whiting, W. M. Kellogg,* and *Ben Morgan,* for Respondents.

The COURT. — This action is for the foreclosure of a mortgage. It appears that the appellant and her husband, in his lifetime, executed a mortgage to secure certain notes, made by the husband, upon a homestead declared upon community property. The husband afterwards died, and the wife qualified as the administratrix of his estate, and published the notice required by law for creditors of the estate to present their claims within four months of the publication of the notice. The holders of the notes and mortgage failed to present them, or either of them, within the time prescribed by the notice for allowance or rejection. After such neglect on their part, they obtained another mortgage from the defendant, Mrs. Ford, securing the payment of other notes, the amounts of which were made up of the original debt of the husband, and of the sum of $292, borrowed by the wife prior to the time she gave the second mortgage and notes. At the time she thus executed that mortgage and the notes it secured, she did not know that the first mortgage and notes were barred for the want of presentation, etc., but executed them in ignorance and mistake as to the law upon such a matter. It is also alleged in the answer that she believed the first mortgage and notes to be valid, and the plaintiffs represented them so to be, and that she was liable to pay, satisfy, and discharge them when she executed the last notes and mortgage; but it is not alleged that at such time the plaintiffs knew that they were invalid, and concealed such knowledge from her.

Several months after the execution by the defendant of the notes and mortgage now under consideration, she for the first time discovered that they were barred; and as soon as she learned such to be the law, she notified the plaintiffs that she had executed these obliga-

tions under such mistake of law, and that they were invalid, except as to the sum of $292, and interest thereon, which was what she had herself individually borrowed of them. It is further alleged in the answer, that, except as to the $292 and interest, the notes and mortgage were without consideration as to the defendant. The conclusion of law from the findings is, that the consideration for the execution by the defendant of the promissory notes and mortgage set forth in the complaint is in all respects adequate and sufficient in law, and that said mortgage is a valid and binding lien upon the property and premises therein described.

Assuming, as we must under the decision in *Camp* v. *Grider*, 62 Cal. 20, affirmed in *Bollinger* v. *Manning*, 79 Cal. 7, and *Mechanics' B. & L. Association* v. *King*, 83 Cal. 443, that the failure to present for approval and allowance the first notes and mortgage operated as a bar to the foreclosure of the mortgage, it then becomes important to determine whether the execution of the last notes and mortgage, so far as the amount of the first notes is concerned, was based upon an adequate consideration.

It is argued for the appellant that the notes first given were for the husband's debt alone, and the wife's joining in the first mortgage was to secure the payment of that debt, she not being liable on the debt, or receiving, so far as the record shows, any consideration whatever for the execution of the mortgage; that when the notes became barred, they were debts of her husband, not hers; that when the mortgage was barred, it was one (as to the debt secured thereby) on which she was a surety merely; that she was not bound, either legally or morally, to pay the debt of her husband, or to resecure its payment after it was barred; that she could obtain no benefit by so doing, but would be prejudiced, since by the non-presentation of the claims of the plaintiffs she was precluded from having the debt paid out of the estate, leaving out the homestead; that the notes of the hus-

band were executed, and the debt contracted, before the execution of the first mortgage, which she signed at the request of her husband, and that the debt was not contracted on the faith that she would sign it; that there was no legal obligation for her to execute notes and a mortgage in lieu of those already barred; that there was no benefit conferred on her by the execution of the second mortgage, except to the extent of the $292, which was a separate and distinct consideration from the first notes and mortgage; that she had received nothing, by way of consideration, out of that which her husband received as the basis of the first notes; that she had once jeopardized the homestead to secure the payment of those notes, and the plaintiffs, by their own negligence, had not only gotten the first notes and mortgage barred, but had deprived the defendant of her statutory right to have the mortgage first satisfied out of property of the estate other than the homestead; that she received nothing beyond the $292, and the plaintiffs cannot be said to have been prejudiced, so far as her conduct was concerned, to any extent, so as to make it a sufficient moral consideration to support a new contract from her to the promisee to pay the debt of another; that the notes and mortgage the plaintiffs gave up were of no value; that their collection was not enforceable either against the homestead or the estate; and that the plaintiffs, as promisees, were certainly not prejudiced by getting new notes and a new mortgage in lieu of those that were barred.

The further point is made, that, from the allegations of the answer, it appears that both parties were under a mutual misapprehension as to the law when the notes and mortgage now under consideration were executed, and that there is no finding upon the issue made. We think the appellant is right in both of these contentions, and that, for these reasons, the cause must be reversed. The mortgage, so far as it covered the amount included in the former mortgage on the homestead, was without con-

sideration. The debt was not the debt of the appellant. She was under no personal obligation, either legal or moral, to pay it, and the failure to present it as a claim against her husband's estate released the homestead property. Judgment reversed as to the amount included in the original mortgage, and affirmed as to the balance, and the court below is instructed to modify the judgment accordingly; the respondents to pay the costs of this appeal.

PATERSON, J., dissented.

Rehearing denied.