[S. F. No. 9321. In Bank.—March 8, 1922.]

## JOHN HINKEL, Respondent, v. E. A. CROWSON, Appellant.

[1] VENDOR'S LIEN — HOMESTEAD — ESTATE OF DECEASED PERSON — PRESENTATION OF CLAIM.—Under section 1475 of the Code of Civil Procedure a claimant under a vendor's lien against a homestead of a deceased person must present his claim to the administrator of the estate of the decedent before he can foreclose his lien, and he cannot escape the requirements of that section on the ground that no person has applied for or received letters of administration upon the estate.

[2] ID.—LIENS.—A vendor's right to resort to the land for payment of the purchase price thereof is a lien, and one of the objects of section 1475 of the Code of Civil Procedure is to protect a homestead from vendors' liens, as well as other liens, and no sound distinction exists upon which to differentiate a vendor's lien from any other lien on the premises embraced in the homestead.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Reversed.

The facts are stated in the opinion of the court.

James F. Sheehan, Charles J. Heggerty and Knight & Heggerty for Appellant.

Richard B. Bell and R. M. F. Soto for Respondent.

SHAW, C. J.—The plaintiff sued to foreclose an alleged vendor's lien. The complaint alleges the sale and convey-

ance of the lot in question by plaintiff to one Florence G. Hinkel for the price of $4,000 on November 27, 1914, the giving of a note for the price by said vendee; that it was agreed at the time that she would execute to the plaintiff a mortgage on the lot to secure the payment of the price, but that she failed to do so; that the price is unpaid, except to the amount of $510; that said Florence G. Hinkel afterward married the defendant E. A. Crowson and thereupon filed a declaration of homestead on the lot for the benefit of herself and said Crowson; that she died on October 16, 1916, and said E. A. Crowson, by proceedings under section 1723 of the Code of Civil Procedure, procured an order of the superior court of the county on May 7, 1917, setting apart said lot to Crowson as surviving husband of said decedent, and that Crowson has since intermarried with the defendant, Katherine M. Crowson, who is now his wife. It also expressly waived all recourse by the plaintiff to any other property of the estate of Florence G. Crowson, deceased, for the payment or satisfaction of said debt.

The answer admitted, by failing to deny, the allegation that Florence G. Hinkel had agreed to execute a mortgage on the lot to secure the price aforesaid, but alleged that a mortgage for the price was executed by her to the plaintiff and that he afterward released it. It alleged that the conveyance of the lot to Florence G. Hinkel was a gift, and denied that any money was owing to plaintiff as the price of said lot, or at all.

The court found that the allegations of the complaint were true; that no mortgage was ever executed to plaintiff by said Florence G. Hinkel to secure the price of said lot; that no administration has ever been had upon the estate of said decedent and that none is pending, and that $4,551.07 was due to plaintiff for the principal and interest of the note given for the price of the lot. Thereupon judgment was entered for the foreclosure and sale of the lot to discharge the vendor's lien of the plaintiff thereon. From this judgment the defendant, E. A. Crowson, appeals. The appeal is upon the judgment-roll alone.

The appellant contends that the complaint and findings are insufficient to support the judgment because it is neither alleged nor found that any claim for the payment of the balance due on the note was presented to an adminis-

trator of the estate of the deceased Florence G. Crowson for allowance. Section 1475 of the Code of Civil Procedure provides that if there be subsisting liens or encumbrances on the homestead of a deceased person. the claim secured thereby must be presented to the administrator and the funds in his hands applied thereon, and that the lien shall only be enforced against the homestead for any deficiency remaining after the other funds of the estate have been applied in payment of the claim.

In *Camp* v. *Grider,* 62 Cal. 20, the owner of the homestead died leaving the homestead encumbered by a mortgage. There was administration upon the · estate, but no claim for the mortgage debt was presented for allowance. The complaint in foreclosure alleged that the plaintiff waived all recourse against any other property of the estate, as the complaint does here. The court, holding that the complaint did not state a cause of action, said: ''The purpose of the legislature in providing, by section 1475, that if there be subsisting liens or encumbrances on the homestead the claims secured thereby must be presented and allowed as other claims against the estate, was undoubtedly to preserve the homestead if possible.'' This case was followed in *Bollinger* v. *Manning,* 79 Cal. 7 [21 Pac. 375], where, after the foreclosure suit was begun and before the trial, the mortgagor died. No claim was presented to the administrator of the estate of the mortgagor within the time prescribed by the law. The plaintiff then amended his complaint by averring that he waived all recourse against any property of the estate, except that covered by the mortgage. The court found that there was not, and never had been, any property or assets of the estate that could be subjected to the payment of the mortgage except the property mortgaged, but gave judgment for the defendants and this judgment was affirmed. This court held that the fact that there were no other assets did not change the rule that the claim must be presented to the administrator and allowed, as required by section 1475, as held in *Camp* v. *Grider, supra.* With respect to the effect of that section, the court said: ''The provision of the section is general, that claims secured by liens or encumbrances on the homestead, selected and recorded prior to the death of the deceased, *must* be presented and allowed as other

claims against the estate. The whole matter was under the control of the legislature, and we are not authorized to nullify the plain letter of the law because we can see no good reason for making it applicable to a case like this,'' and that the decision in *Camp* v. *Grider* was a correct exposition of the code on the subject and must be upheld and followed. The same rule was stated and applied in *Building etc. Assn.* v. *King,* 83 Cal. 442 [23 Pac. 376], *Hearn* v. *Kennedy,* 85 Cal. 57 [24 Pac. 606], *Rosenburg* v. *Ford,* 85 Cal. 612 [24 Pac. 779], *Sanders* v. *Russell,* 86 Cal. 121 [21 Am. St. Rep. 26, 24 Pac. 852], *Perkins* v. *Onyett,* 86 Cal. 350 [24 Pac. 1024], *Wise* v. *Williams,* 88 Cal. 33 [25 Pac. 1064], and *Bank of Woodland* v. *Stephens,* 144 Cal. 663 [79 Pac. 379]. The case of *Bull* v. *Coe,* 77 Cal. 62 [11 Am. St. Rep. 235, 18 Pac. 808], is not in conflict with these cases. In that case the wife had mortgaged her separate property as security for the debt of her husband. The husband died. In the lifetime of both a homestead had been declared on the property. It was held that with respect to the debt she stood in the relation of a surety for her husband, but that inasmuch as the homestead was on her separate property and not on the community property or the separate property of the husband, no presentation of a claim for the debt against the husband's estate was necessary as a condition precedent to the right to foreclose the mortgage on her property. This must be so, since the language of section 1475 limits its application to cases where the homestead to be protected is a part of the estate of the decedent.

It is apparent from these authorities that the appellant's objection is well taken, unless some reason can be found for declaring this case to be an exception to the rule thus established.

It is argued that the presentation of the claim for allowance is not necessary when there is not, and never has been, any administrator to whom it could be presented. We have seen that the fact that there are no other assets does not avoid the statutory requirement. (*Bollinger* v. *Manning, supra.*) In this case the absence of other assets is not shown either in the complaint or findings. The simple fact that no administrator has been appointed does not appear to be as potent to avoid the necessity for pre-

senting a claim as an absence of assets. The latter is incurable, and would remove all necessity for presentation of a claim and would demonstrate beyond doubt that no benefit could flow therefrom, to the homestead claimant, if such inquiry could be made and the fact established in the foreclosure suit. But it is always possible to have an administrator appointed. Section 1365 prescribes the order of preference of persons entitled to letters of administration, but section 1377 provides that where those preferentially entitled fail to apply for letters, they may be granted, ''to any applicant.'' The superior court of the county in which the decedent was a resident at the time of her death or in which she left estate has jurisdiction to appoint an administrator of such estate. (Code Civ. Proc., sec. 1294.) The homestead was her property and was a part of her estate at the time of her death. The plaintiff could therefore have obviated the difficulty by procuring letters to be granted to a competent person. [1] In view of the imperative language of section 1475 and the construction given to it in the above cited case, we think a lien claimant cannot escape its requirements on the ground that no person has applied for or received letters of administration upon the estate. It is his own inaction that has produced that condition and he cannot take advantage thereof to avoid the statute.

The plaintiff claims that the right of a vendor to have the price declared a charge upon the land and the land sold to enforce payment thereof is not technically a lien, and therefore is not within the scope of section 1475. He bases this claim upon some expressions descriptive of the right of a vendor in this respect in *Porter* v. *Brooks*, 35 Cal. 202, to the effect that it is ''only an equitable right to resort to the land for payment,'' and holding that where the vendor has conveyed the land his vendor's lien does not prevent him from suing out an attachment in an action for the price. He also relies on a statement in *Fitzell* v. *Leaky*, 72 Cal. 484 [14 Pac. 201], that a vendor's lien ''is in its nature a personal privilege, unassignable, which the vendor can assert, only in a suit brought for the purpose of having it decreed and enforced.'' We do not regard these decisions as decisive of the matter. No doubt it is true that the lien of a vendor is not assignable and that it can be

enforced only in an action in equity. But section 1475
expressly applies to and includes all ''subsisting liens or
encumbrances on the homestead.'' The Civil Code declares
that ''one who sells real estate has a vendor's lien thereon''
for so much of the price as remains unpaid and otherwise
unsecured (sec. 3046), and that the homestead is subject to
forced sale on liens existing at the time the declaration
of homestead is filed, and ''on debts secured by mechanics,
contractors, subcontractors, artisans, architects, builders,
laborers of every class, materialmen's or *vendors' liens* on
the premises.'' (Sec. 1241.) [2] These provisions leave
no doubt that the vendor's right to resort to the land for
payment of the price thereof is a lien; that one of the ob-
jects of section 1475 was to protect the homestead from
vendors' liens, as well as other liens, and that no sound
distinction exists upon which to differentiate a vendor's lien
from any other lien on the premises embraced in the home-
stead.

The plaintiff also relies on decisions such as *Fallon* v.
*Butler*, 21 Cal. 24 [81 Am. Dec. 140], holding that it is
not necessary to present a claim against an estate for a lien
upon a specific parcel of land belonging to such estate, not
the homestead, as a condition precedent to the right to
foreclose such lien. These decisions go upon the principle
that the lien itself is not a claim against the estate. They
do not hold that the debt which is secured by the lien is
not a claim which must be presented and allowed in order
to secure payment thereof out of the general assets, but
merely declare that where resort to the general assets is
waived the holder of the lien can have his action against
the specific parcel upon which his lien exists, without hav-
ing presented a claim for allowance. Necessarily, they
have no application whatever to cases coming under section
1475 in which the lien exists against the homestead and
they do not at all impair the force of the decisions first
above cited holding that where the lien is on the homestead
a claim for the debt secured by such lien must be presented
to the administrator of the estate of the deceased owner,
as a condition precedent to the right to enforce the lien
against the homestead premises.

It is also suggested that the proceeding under section
1723 of the Code of Civil Procedure, above mentioned,

whereby the homestead was declared to have vested in the defendant, as surviving husband, had the effect of separating the property from the other estate of the deceased wife so that the presentation of the claim was unnecessary. The other provisions of the code show that this could not be the effect of an order under section 1723. The Civil Code, as above shown, provides that the homestead shall be subject to liens of the various kinds there specified, among them the lien of a vendor for the purchase money. The order declaring the homestead vested in the surviving husband left it as it was, subject to these liens, and it therefore was as important to the husband to have the other assets of the estate of his deceased wife applied to discharge the vendor's lien, after such order vested title in him, as it was before.

We find no ground upon which to predicate the statement that the plaintiff's case is an exception to the established rule. The conclusion follows that the court below erred in giving plaintiff judgment of foreclosure.

The judgment is reversed.

Lawlor, J., Wilbur, J., Sloane, J., and Shurtleff, J., concurred.

Rehearing denied.

In denying a rehearing the court filed the following opinion on April 7, 1922:

THE COURT.—In a petition for rehearing the respondent refers to the statement in the opinion heretofore filed, in discussing the possibility of obtaining letters of administration upon the estate of the deceased wife of the appellant, that, "the homestead was her property and was a part of her estate at the time of her death," and claims that this statement is contrary to previous decisions of this court, referring to *Matter of Tracey,* 136 Cal. 385 [69 Pac. 20], *Estate of Shirey,* 167 Cal. 193 [138 Pac. 994], *Saddlemire* v. *Stockton etc. Soc.,* 144 Cal. 653 [79 Pac. 381], *Estate of Beer,* 178 Cal. 57 [171 Pac. 1062], and *Estate of Simonton,* 183 Cal. 54 [190 Pac. 442]. These cases declare that a homestead which was declared upon community property or upon separate property of the spouse making or joining

in the declaration, upon the death of either spouse vests immediately in the survivor and constitutes no part of the property of the deceased spouse, although it was his or her property at the immediate time of his or her death. The decision in the *Estate of Beer* is to the effect that a brother of a deceased wife is not entitled to administration of his estate, in preference to the public administrator, where the only property in which he claimed an interest was a homestead declared upon separate property of the wife in the lifetime of herself and the decedent, the wife having died before the husband, it being stated that the homestead thereupon immediately vested in the surviving husband and that the relatives of the wife took no interest therein by descent. The above-quoted passage of our opinion should perhaps have been followed by a further statement in explanation, but when considered in connection with the subject then under discussion it is not contrary to the previous decisions of this court. None of those decisions hold that where a homestead declared on separate property is subject to a vendor's lien, there can be no administration upon the estate for the purpose of disposing of such homestead and enforcing the vendor's lien thereon. It is no part of the assets of the estate for the payment of ordinary debts and it immediately vests in the surviving spouse upon the death of the spouse in whom the title was previously vested. The question whether administration could be had because of the necessity of providing for the enforcement of the subsisting liens on the homestead, such as the vendor's liens or mechanics' liens provided for in section 1241 of the Civil Code, was not involved in any of those cases. Where administration is necessary for that purpose it must be held that administration can be had although there are no general assets of the estate subject to the payment of ordinary debts.

The petition for rehearing is denied.

Shaw, C. J., Lawlor, J., Wilbur, J., Sloane, J., Lennon, J., and Shurtleff, J., concurred.