### GILL *v.* DINGFELDER.

1. CANCELLATION OF INSTRUMENTS — DEEDS — CONTRACTS—PARENT AND CHILD—EQUITY WILL ENFORCE CONTRACT NOT ADEQUATELY EXPRESSED.

   Where a daughter and her husband made an agreement with the mother, who was nearly 80 years of age, whereby she deeded to them her property for an expressed consideration of one dollar and other valuable consideration, it was their duty to protect the mother's rights and put the agreement in such form as to be enforceable by her, and their failure to do so justifies a court of equity, in a suit to set aside the conveyance and for an accounting, in affording such protection and enforcing such agreement.

2. SAME—WHERE IMPOSSIBLE TO PLACE PARTIES IN STATU QUO EQUITY WILL BE DONE.

   Where it is impossible to place the parties *in statu quo* because of improvements made to the property by defend-

On relief of grantor in conveyance in consideration of agreement to support, which is broken by grantee, see notes in 43 L. R. A. (N. S.) 916; L. R. A. 1917D, 941.

ants, and setting aside the conveyance, as prayed, was therefore impossible, the conclusion of the court below that the agreed price was $8,000, of which $3,000 represented the support, maintenance, and burial of plaintiff, and that defendants should pay the $3,000 to plaintiff, who because of illtreatment left defendants' home, will not be interfered with on appeal.

3. SAME—RESCISSION OF CONTRACT JUSTIFIED BY EVIDENCE.
Evidence *held*, sufficient to justify the finding that plaintiff had sufficient cause for leaving defendants' home.

4. SAME—ACCOUNTING.
Where defendants had given plaintiff notes for $3,000 and a certified check for $2,000 as part of the consideration for the conveyance, and it appears that they had borrowed certain of the moneys represented by the check, and the notes had not been paid, the decree of the court below requiring them to account therefor is approved.

Appeal from Oakland; Gillespie (Glenn C.), J. Submitted January 24, 1923. (Docket No. 7.) Decided October 1, 1923.

Bill by Mary Gill against John M. Dingfelder and another to set aside a deed, and for an accounting. From a decree for plaintiff, defendants appeal. Affirmed.

*C. H. Lehman* and *G. M. Lehman*, for plaintiff.

*Dohany & Hersch*, for defendants.

SHARPE, J. On June 16, 1920, plaintiff, a widow nearly 80 years of age, understanding but little English, conveyed certain property owned by her in the village of Farmington, in Oakland county, to the defendants, her daughter and son-in-law, for an expressed consideration of "one dollar and other valuable considerations." It is her claim that the selling price was fixed at $8,000. Notes to her for $3,000 and a certified check for $2,000 were executed. There

is dispute as to their delivery.    She claims that the balance of $3,000 was agreed upon as the value of her future support, maintenance and burial.    Defendants moved into the home on the property and plaintiff lived with them until the latter part of the following December, when she left, claiming she was so ill-treated that she could not remain longer.    The bill of complaint herein was soon after filed.    In it plaintiff asks to have the conveyance set aside and an account-ing had as to the benefits received by defendants from their occupancy of the premises.    The defendants in their answer deny that the sum of $8,000 was ever mentioned in the transaction.    They admit "that they told plaintiff that she could at all times during her lifetime have a home with them."    They deny plain-tiff's claim of illtreatment.

It clearly appears from the proofs that the property conveyed was worth at least $8,000.    It was the duty of this daughter and son-in-law, when dealing with plaintiff as to her property rights, to see to it, not only that her interests were carefully protected, but also that the agreement made between them and her was put in such a form as to be enforceable by her. Their failure to do so will justify a court of equity in affording such protection and enforcing such agree-ment.    Were it possible to place the parties *in statu quo,* a decree setting aside the conveyance would doubtless have been granted.    But it is impossible to do this as the defendants have expended about $14,000 on the property.    We are not inclined to interfere with the conclusion reached by the trial court that the price as agreed upon was $8,000, of which $3,000 represented the support, maintenance and burial as-sumed by defendants, and that defendants should pay this $3,000 to plaintiff.    The terms of payment are not complained of.

After a careful reading of the record, we are satis-

fied that plaintiff had sufficient cause for leaving defendants' home. It also appears that the defendants had borrowed certain of the moneys represented by the check and that the notes executed had not been paid. The accounting as to these matters as made by the trial court meets with our approval.

The decree is affirmed, with costs to plaintiff.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.