[Civ. No. 5444.   Third Appellate District.—December 10, 1935.]

EDISON SECURITIES COMPANY (a Corporation), Appellant, v. VENTURA GUARANTEE BUILDING AND LOAN ASSOCIATION (a Corporation), Respondent.

Roy V. Reppy, E. W. Cunningham and Gail C. Larkin for Appellant.

Merle J. Rogers for Respondent.

JAMISON, J., *pro tem.*—This is an action to foreclose a vendor's lien.

On April 27, 1927, plaintiff entered into an agreement with defendant to sell it the land described in the complaint, the purchase price being the sum of $45,000, to be paid as follows: $5,000 upon the execution of the agreement, $20,000 evidenced by note of defendant, secured by deed of trust or mortgage on the said land, and for the remaining $20,000, by the delivery to plaintiff of $20,000 worth of investment certificates at par value, issued by defendant. Said certificates to have an actual value of not less than $20,000, and to be redeemed and paid at the rate of $5,000 per annum.

Defendant paid the $5,000 cash upon the execution of the agreement, executed its note for $20,000, secured by a deed of trust on the property in controversy, and delivered to plaintiff the $20,000 worth of investment certificates. Thereupon, plaintiff executed a deed to the defendant for said land. Defendant has paid the said note secured by the deed of trust,

and has redeemed $15,000 worth of the $20,000 indemnity certificates. Plaintiff made demand for the payment of the remaining $5,000 indemnity certificates, but payment of same not being made, it instituted this suit. Upon the trial, judgment went for defendant, and from that judgment, plaintiff appeals.

Appellant admits that no action would lie to enforce payment of the investment certificates. (Appellant's reply brief, page 1.) But it contends that this action is brought to enforce a vendor's lien for the unpaid portion of the purchase price of the said land.

Section 3046 of the Civil Code provides that: "One who sells real property has a vendor's lien thereon, independent of possession, for so much of the price as remains unpaid otherwise than by the personal obligation of the buyer."

If appellant received, in part payment, the said indemnity securities, then the issuance and delivery of said certificates to it would certainly prevent the said statute from applying to so much of the purchase price of said land as was covered by said certificates. (*Doty* v. *California Rice Milling Co.*, 37 Cal. App. 449 [174 Pac. 389].) The said agreement clearly shows that the said certificates were received by appellant in payment of $20,000 of the purchase price of said land. The language used in said agreement can bear no other or different construction. It states that the sum of $20,000 shall be represented by the transfer and delivery to the seller, through said escrow, of $20,000 worth of the six per cent duly issued investment certificates of respondent, at par. The word "represent", according to "Words and Phrases", judicially defined (vol. 7, p. 6107), means, to stand in the place of; and the "Century Dictionary" defines it as meaning, to supply the place, or perform the duties; to be a substitute for.

Therefore, the trial court was justified in finding, as in effect it did, that the investment certificates were taken in the place of, or as a substitute for, $20,000 in cash of the purchase price of said land.

Respondent also calls attention to the fact that said agreement provided that the escrow holder should issue a guarantee of title, with liability of $45,000, showing title to said property to be vested in said buyer, subject only to said deed of trust in favor of appellant, and otherwise, to be free of all

incumbrances and rights, except as herein mentioned, there being no reservation therein of a vendor's lien. The covenant that respondent's title to said land should be free and clear of all incumbrances excludes the idea that a title subject to a lien in favor of appellant was to be retained. (*Royal Consol. Min. Co.* v. *Royal Consol. Mines Co.*, 157 Cal. 737–748 [110 Pac. 123, 137 Am. St. Rep. 165].)

The term "incumbrances" includes taxes, assessments, and all liens upon real property. (Sec. 1114, Civ. Code.) The vendor's right to resort to the land for payment of the purchase price is a lien. (*Hinkel* v. *Crowson,* 188 Cal. 378–383 [206 Pac. 58].)

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 9, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 6, 1936.