TIMM v. PARKER.

1. APPEAL AND ERROR—EQUITY—DE NOVO HEARING—REVERSAL OF DECREES.

Although the Supreme Court hears chancery cases *de novo* it does not reverse decrees made by a trial court unless it appears that it is not in accordance with the just rights of the parties.

2. EQUITY—VENDOR AND PURCHASER—SECURITY FOR DEBT OWED AGED GRANDPARENT.

Where a granddaughter and her husband purchased farm from grandmother, then advanced in years, for an expressed consideration of one dollar and other valuable considerations, the grantees were under a duty to protect the grantor's rights and not leave her without security for the payment of the debt owing to her.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CONSTRUCTIVE FRAUD—WANT OF CONSIDERATION.

Administrator's claim of constructive fraud on part of defendants, decedent's granddaughter and her husband, based apparently on the theory of unconscionable conduct on their part, is not passed on where discharge of mortgage a month after they had given it to intestate is set aside for want of consideration.

4. PAYMENT—PRESUMPTIONS—EVIDENCE.

Presumption that money paid by a debtor to a creditor is in payment of a debt in the absence of a showing to the contrary is inapplicable where proofs have been presented to establish the facts as presumptions cannot be weighed against facts.

5. MORTGAGES—DISCHARGE—WANT OF CONSIDERATION—PAYMENT—FINDINGS OF COURT—EVIDENCE.

In administrator's suit against intestate's granddaughter and her husband to set aside discharge of mortgage recorded about a month after mortgage was given, and to foreclose mortgage, evidence sustained finding of trial judge there was a want of consideration for the discharge and sustained his refusal to credit payments, made to mortgagee during month following discharge, on the debt secured by the mortgage.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted October 8, 1946. (Docket No. 5, Calendar No. 43,421.) Decided December 2, 1946.

Bill by Ernest Timm, administrator of the estate of Bertha Timm, deceased, against Theodore Parker and wife to set aside discharge of mortgage and for foreclosure. Decree for plaintiff. Defendants appeal. Affirmed.

*Edward E. Harwood* and *James T. Sloan,* for plaintiff.

*Carroll B. Jones,* for defendants.

CARR, J. Plaintiff's intestate, being the owner of a farm in St. Joseph county, Michigan, conveyed the property to defendants by warranty deed. The instrument of conveyance was dated December 1, 1938, and recited a consideration of "One dollar and other valuable considerations." As part of the transaction a note in the sum of $1,500, secured by mortgage on the property, was executed and de-

livered to Mrs. Timm by defendants. Said note was expressly made payable five years after date and referred to the mortgage to fix the rate of interest. The mortgage specified five per cent., payable annually, but with no interest until after the death of Mrs. Timm.

On January 4, 1939, a discharge of the mortgage was executed by the mortgagee, and recorded on the same day. Subsequently, and during the month of January, 1939, defendants paid to Mrs. Timm the sum of $500, in three payments of $325, $75, and $100 respectively.

Mrs. Timm remained on the farm in question until March, 1939. Thereafter she lived with certain of her children until her death, May 30, 1939. It is conceded that defendants paid obligations of the estate for hospitalization and medical attendance, and funeral and burial expenses for Mrs. Timm, in the sum of $390.

The present suit was instituted by the administrator of Mrs. Timm's estate for the purpose of setting aside the discharge above referred to, and foreclosing the mortgage. It was alleged in the bill of complaint that the discharge was procured through fraud and undue influence, and was without consideration. Defendants by answer denied the allegations of the bill.

Following the trial in the circuit court a decree was entered setting aside the discharge, on the ground that it was executed without consideration, and directing the foreclosure of the mortgage. Defendants were given credit for the sum of $390, paid out by them on behalf of the estate, and the amount due on the obligation secured by the mortgage was fixed at the sum of $1,461.69, which amount was reduced by tender made by defendants during the hearing in the trial court, to $668.84.

Defendants have appealed from the decree of the trial court, claiming that the sum of $500, paid by them in January, 1939, to Mrs. Timm, should have been credited on the mortgage debt. As stated by counsel on the oral argument of the case in this Court, such claim presents the principal issue involved. After listening to the testimony the trial court came to the conclusion that defendants' contention was not sustained by the proofs, and that in fact the weight of the evidence indicated the payments in question constituted the down payment on the purchase price of the farm, or, in any event, were not made on the debt secured by the mortgage.

The question stated is solely one of fact. The trial court, having seen and heard the witnesses, was in a better position to weigh their testimony than is this Court. While we hear the case *de novo* on the record the decree should not be altered unless it appears that it is not in accordance with the just rights of the parties. *Langdell* v. *Langdell,* 285 Mich. 268; *Lynder* v. *Schulkin,* 305 Mich. 451; *Quackenbush* v. *Quackenbush,* 305 Mich. 704.

It is obvious that the discharge of the mortgage given by defendants to Mrs. Timm, if valid, left the mortgagee without security for the payment of the debt owing to her. The record discloses that she was advanced in years and that defendant June Parker was her granddaughter. In view of the circumstances the rights of Mrs. Timm should have been carefully protected. *Gill* v. *Dingfelder,* 22 Mich. 247. This was not done. It is, however, unnecessary to pass on plaintiff's claim of constructive fraud, based apparently on the theory of unconscionable conduct on the part of defendants, in view of the conclusion of the trial court that the discharge should be set aside for want of consideration. Such determination was correct. *Newman & Snells State*

*Bank* v. *Hunter,* 243 Mich. 331 (59 A. L. R. 311);
*Rosenberg* v. *Ford,* 85 Cal. 610 (24 Pac. 779). See,
also, *Coveney* v. *Pattullo,* 130 Mich. 275; *Plasger*
v. *Leonard,* 312 Mich. 561.

This brings us to a consideration of the evidence
relating to the main issue in the case, that is,
whether the payments referred to, made to Mrs.
Timm in January, 1939, were on the debt secured
by the mortgage. Following the death of Mrs. Timm,
defendants wrote to plaintiff in the present case
with reference to the mortgage. The claim was
made therein that the mortgage had been discharged,
following which statement defendants said "But
we have no intention of not paying it." In a sub-
sequent letter, dated August 30, 1939, written by
defendants to plaintiff, defendants offered to give
a mortgage for $1,500 to any one that plaintiff could
procure to make such loan. The statement was
made in this letter, "If you don't know of anyone
you will have to hold the mortgage the same as
grandma would have done if we couldn't get the
loan, and we'll pay as much as we can on the prin-
cipal each year." It is significant that in neither
of these letters was any claim made by defendants
that they had paid any portion of the debt secured
by the mortgage. It is a fair inference, under all
the circumstances of the case, that if the sum of
$500 had been paid on such debt, as defendants now
claim, reference to that fact would have been made.
The expressed intention of the defendants, at the
time the first letter above referred to was written,
was to pay the mortgage. Nothing was said con-
cerning an unpaid balance.

The note and mortgage given by defendants to
Mrs. Timm remained in the possession of the latter
until April, 1939. No indorsements of any pay-
ments were made on either instrument; nor does it

appear that any receipts were given by Mrs. Timm to defendants indicating the purpose or application of the payments in question. Plaintiff's witness, Mrs. Flossie Timm, was present at the time defendant June Parker made the first of such payments in Mrs. Timm's home. Her testimony indicates that defendant referred to such payment as a "down payment" on the farm. Said witness also testified that Mrs. Timm, with whom witness and her husband were living, had no money between December 1, 1938, and the date of the payment by defendants.

Defendants rely on the presumption that money paid by a debtor to a creditor is in payment of a debt in the absence of a showing to the contrary. In the case at bar, however, the issue is to be determined on the basis of the proofs of the parties. Presumptions cannot be weighed against facts. See *Christiansen* v. *Hilber,* 282 Mich. 403, and cases there cited.

Without discussing the proofs in further detail it is our conclusion that the findings of the trial court are adequately supported by the record. Discharge of the mortgage was properly set aside for want of consideration and the refusal of the trial court to credit the payments in question on the debt secured by the mortgage was correct.

Questions argued by counsel for appellants in his brief and not discussed specifically herein, have been considered and found to be without substantial merit. The decree of the trial court is affirmed, with costs to appellee.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.